UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

MADISON 92ND STREET ASSOCIATES, LLC,

      Plaintiff,

   -against-                               13 Civ. 291 (CM)

MARRIOTT INTERNATIONAL, INC., HOST
HOTELS & RESORTS, INC., DIAMONDROCK
HOSPITALITY CO., and the NEW YORK
HOTEL & MOTEL TRADES COUNSEL, AFL-CIO,

      Defendants.

----------------------------------------x

### ORDER DENYING THE MOTION OF BOIES SCHILLER &FLEXNER FOR RECONSIDERATION OF THE COURT'S OCTOBER 16, 2013 ORDER

McMahon, J.:

      Boies, Schiller & Flexner LLP (BSF), moves for reconsideration of this court's order dated October 16, 2013, in which I granted a motion for sanctions against the firm filed by its former client, Defendant Host Hotels & Resorts Inc. – an entity that BSF sued on behalf of a new client, Madison 92nd Street Associates, LLC, in a blatant conflict of interest.

      Per this court's rules, I have reviewed the motion for reconsideration in order to determine whether a response is required from Host.

      No response is required. The motion is denied.

      The motion requests that I change or delete two sentences in the order that describe the incomplete and insufficient information provided to BSF's outside ethics counsel, Michael Ross, Esq. BSF expresses its "concern" that the language in these two sentences "asserts or implies that BSF did not fully cooperate or provide available documents or information" to Mr. Ross. BSF argues that any failure to discover the conflict of interest described at length in this court's opinion – a conflict BSF finally acknowledged two and a half months after it was called to the firm's attention – was attributable to Mr. Ross or to Host's ethics counsel, Proskauer Rose -- and not to BSF.

      It is indeed noble of Mr. Ross to fall on his sword for his former client (he has been relieved, BSF having decided that it is better equipped to argue its own cause). But I'm not

buying it. Mr. Ross may well have been the one to select the search terms that were used to conduct the wholly inadequate search of BSF's computerized files in order to see whether BSF's representation involved "unions" or "collective bargaining" issues. However, Mr. Ross could only have selected his keywords based on what he was told about the former representation by his client – BSF. I remain unconvinced, and I suspect I cannot be convinced, that BSF could possibly have given Ross a full and fair description of the work the firm performed for Host between 2001-2004. The fact is that the BSF lawyers who were "checking the conflict" were not aware of the scope of work performed by the firm a decade earlier, and they did not bother to obtain correct and complete information by, for example, reviewing the file or carefully interviewing all of the lawyers who performed significant work on the earlier matter. Mr. Ross only knew what his client told him, so the ultimate responsibility here lies with BSF – even if Mr. Ross selected the computerized search terms that failed to yield the documents that might have revealed the conflict.

If all that occurred here was a sloppy computerized document search conducted by outside counsel – one that, as I pointed out, apparently missed relevant documents containing the words like "union" and "collective bargaining," which were among the search terms that Mr. Ross suggested – there might arguably be some basis for reconsideration. But what happened here was far, far worse. BSF represented to this court that its own lawyers (not its outside counsel) had checked for conflicts carefully and seriously, and that those lawyers could not have discovered the conflict – because it was "subtle." Well, it was not subtle at all – in fact, if you were looking for it, there was NOTHING subtle about this conflict. And the responsibility for unearthing it rested squarely on the shoulders of BSF – not its outside counsel, not its former client, and certainly not Proskauer. The documents that revealed it were culled from BSF's own files, and BSF has represented to this court that its own lawyers painstakingly reviewed those files (albeit long after it undertook the conflicting representation). Any competent lawyer should have been able to see what was obvious.

The motion for reconsideration is denied. The sanction must be paid within ten days. Fortunately for BSF, it will not have to be increased by any cost associated with responding to this meritless motion.

Dated: November 6, 2013

_____
U.S.D.J.

BY EMAIL TO ALL COUNSEL