UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MADISON 92nd STREET ASSOCIATES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COURTYARD MANAGEMENT CORPORATION, MARRIOTT INTERNATIONAL, INC., HOST HOTELS & RESORTS, INC., DIAMONDROCK HOSPITALITY CO., and the NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL-CIO, <br><br> Defendants. | ECF CASE <br><br> Civil Action No.: 13-CV-0291 <br><br> Hon. Colleen McMahon |

**PLAINTIFF MADISON 92nd STREET ASSOCIATES, LLC'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' REPLY MEMORANDA, OR IN THE ALTERNATIVE, MOTION TO STRIKE DEFENDANTS' NEW ARGUMENTS RAISED IN REPLY, OR IN THE ALTERNATIVE, FOR LEAVE TO  SUBMIT A SUR-REPLY MEMORANDUM**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................................. ii

INTRODUCTION ................................................................................................................................. 1

    A.    Defendants Made a Coordinated and Calculated Decision to Violate the Court's Page Limit Order. ................................................................................... 2

    B.    The Court Previously Foreclosed Host and the Union's Relation Back Argument, Which They Raised in Reply in Bad Faith. .......................................... 4

    C.    Defendants' RICO Arguments Were Improperly Raised in Reply and are Meritless. ....................................................................................................................... 6

    D.    Madison Properly Included its Proposed Sur-Reply in its Motion for the Court's Convenience. ............................................................................................ 8

CONCLUSION ..................................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**                                                              **Page(s)**

*Briese Lichttechnik GmbH v. Langton*,
No. 09-9790, 2012 WL 5457681 (S.D.N.Y. Nov. 8, 2012) ............................................................ 5

*Bruce v. Woodford*,
No. 1:07-cv-00269, 2012 WL 1424166 (E.D. Cal. Apr. 24, 2012) ................................................ 6

*Correspondent Serv. Corp. v. JVW Inv., Ltd.*,
No. 99 Civ. 8934 RWS, 2004 WL 2181087 (S.D.N.Y. Sept. 29, 2004) ........................................ 9

*Grocery Haulers, Inc. v. C&S Wholesale Grocers, Inc.*,
No. 11 Civ. 3130 (DLC), 2012 WL 4049955 (S.D.N.Y. Sept. 14, 2012) ...................................... 8

*In re Old CarCo LLC*,
454 B.R. 38 (Bankr. S.D.N.Y. 2011) .............................................................................................. 5

*Johnson v. Schiff*, No. 09-0531,
2013 WL 5465978 (N.D.N.Y. Sept. 10, 2013) ............................................................................... 5

*Moshen v. Morgan Stanley & Co. Inc.*,
No. 11-6751, 2013 WL 5312525 (S.D.N.Y. Sept. 23, 2013) ......................................................... 5

*Pony Pal, LLC v. Claire's Boutiques, Inc.*,
No. 05 Civ. 2355 (CSH), 2006 WL 2827642 (S.D.N.Y. Oct. 2, 2006) ......................................... 9

*Spool v. World Child Int'l Adoption Agency*,
520 F.3d 178 (2d Cir. 2008) ........................................................................................................... 6

*Travelers Ins. Co. v. Buffalo Reinsurance Co.*,
735 F. Supp. 492 (S.D.N.Y. 1990) ............................................................................................. 8, 9

*U.S. ex rel. Carter v. Halliburton Co.*,
No. 1:11-cv-602, 2011 WL 6178878 (E.D. Va. Dec. 12. 2011) .................................................... 5

*United States v. Witmer*,
835 F. Supp. 201 (M.D. Pa. 1993) ................................................................................................. 8

*Zentner v. Am. Fed'n of Musicians of U.S. & Canada*,
237 F. Supp. 457 (S.D.N.Y. 1965) ................................................................................................. 8

## INTRODUCTION

Defendants are sophisticated commercial litigants with counsel from several prominent law firms. After the Court limited them to 40 pages of reply briefing on their motions to dismiss, Defendants feigned confusion in response to the Court's ruling in order to circumvent its clear page limit order. It is obvious from Defendants' overlong reply briefs that they planned in advance to (and then did) use their unauthorized briefing space to raise new arguments held in reserve to deprive Madison of a response. Thus Madison was compelled to file the instant motion ("Motion to Strike") so that it would not be prejudiced by the new arguments Defendants raised in reply. In their oppositions to the Motion to Strike, Defendants justify their conduct by attempting to shift the blame to Madison. As set forth below, Defendants absurdly claim that (i) the Court's page limit order was both perfectly clear *and* confusing; and (ii) only *they* were permitted to violate that order. Furthermore, Defendants' oppositions only serve to confirm they did in fact raise new arguments in reply that they chose not to address in their motion to dismiss moving briefs.

The Court should strike Defendants' motion to dismiss reply briefs for their calculated violation of the reply briefing page limit, or in the alternative, the Court should strike the new RICO arguments raised in (i) Courtyard/Marriott's reply memorandum at Point II(A)(1) on pages 9-10; and (ii) the Union's reply memorandum at Point I on pages 1-2 ("cash payments" argument); pages 3-5 ("vote rigging" argument and LMRA § 302 "thing of value" argument regarding transferred employees, and employee benefits and wages); and pages 4, 7 ("dues exception" to § 302 argument and "standing/directness of injury" argument). The Court should further strike the new statute of limitations arguments regarding the applicability of Federal Rule

of Civil Procedure 15(c) to the Consolidated Federal Complaint[1] and the Amended 2009 State Complaint raised in (i) Host's reply memorandum in Point I(A) on pages 2-3; and (ii) the Union's reply memorandum in Point IV on page 13.  Alternatively, the Court should accept Madison's sur-reply in response to Defendants' unauthorized reply briefs.  It would be wholly inequitable to refuse Madison's submission on the ground that the Court ordered no sur-reply, when Madison's proposed sur-reply was necessitated by Defendants' multiple violations of the same order.

**A.  Defendants Made a Coordinated and Calculated Decision to Violate the Court's Page Limit Order.**

Defendants claim that their interpretation of the Court's December 20, 2013 order (which Defendants read to grant themselves 70 pages of reply briefing on their motions to dismiss) "ma[kes] perfect sense" (Omnibus Br. at 2),[2] but the plain language of the order and Defendants' actions indicate otherwise.  Marriott and Courtyard wrote to the Court on December 19, 2013, requesting "**no more** than 90 pages combined" of reply briefing for all Defendants.  (*See* Endorsed Letter dated Dec. 20, 2013 (Dkt. No. 113) (emphasis added).)  The Court responded by ordering Defendants to file a "40 Page Reply – No More."  *Id.*  Defendants seize on the singular "reply" wording in the Court's order to claim the Court was responding to Courtyard/Marriott's subsidiary request to file a 55 page individual brief.  (Omnibus Br. at 2.)  Yet the Court's order clearly addressed Defendants' request for "**no more** than 90 pages combined" of reply briefing for all Defendants.  (*Id.* (emphasis added).)  Indeed, Defendants' interpretation would mean the

---

[1] Capitalized terms herein shall have the meanings ascribed to them in Madison's Memorandum of Law in Support of its Motion to Strike, dated February 14, 2014, unless otherwise noted.

[2] The Memorandum of Law of Defendants Courtyard, Marriott, DiamondRock, and the Union in Opposition to Madison's Motion to Strike, dated February 28, 2014 shall be referred to as the "Omnibus Brief."

2

Court ordered Marriott/Courtyard to file a 40 page brief and then simply failed to address the primary relief requested by Defendants.

If Defendants truly believed their reading of the Court's order "made perfect sense" (Omnibus Br. at 2), then there was no reason for the Union to send a follow-up letter on December 23, 2013 professing "confusion" about the Court's order. (*See* Letter from Barry Saltzman to Court dated Dec. 23, 2013.) Defendants apparently found the order to be both perfectly clear *and* confusing. In reality, Defendants well understood the Court was limiting them to 40 pages of reply briefing, and the Union's follow-up letter (expressly forbidden by the order) was an obvious trial balloon sent to gauge the Court's reaction to Defendants' planned violation of its order.

Defendants complain that Madison submitted a proposed sur-reply after the Court ordered "no sur-reply" as part of its December 20, 2013 ruling. (Omnibus Br. at 8.) However, that statement assuredly was predicated on Defendants' own compliance with the order. Since Defendants violated the order *twice* by (i) submitting the Union's follow-up letter after the Court ordered no more letters on the issue (*see* Endorsed Letter dated Dec. 20, 2013 (Dkt. No. 113)); and (ii) filing nearly 30 pages of reply briefing beyond the Court's 40 page limit, Defendants apparently contend that they are allowed to violate the Court's order with impunity, and Plaintiff must sit mute in response. Critically, Madison only filed the instant motion, including its proposed sur-reply, because Defendants used their unauthorized pages to raise new arguments in their reply briefs they chose not to address in their moving papers. *See* Motion to Strike.[3]

---

[3] Defendants claim that Madison's opposition brief to their motions to dismiss failed to comply with the Court's page limit order. (Omnibus Br. at 2.) Madison fully addressed this allegation in its letter to the Court dated December 19, 2013 (*See* Letter from Michael E. Petrella to Court dated Dec. 19, 2013) and will not waste the Court's time rehashing this baseless allegation.

**B.     The Court Previously Foreclosed Host and the Union's Relation Back Argument, Which They Raised in Reply in Bad Faith.**

Host erroneously claims that Madison failed to "anticipate[] and preempt[]" its argument that Madison' claims against Host cannot relate back to the 2009 State Complaint under Federal Rule of Civil Procedure 15(c) because the 2009 State Complaint and Original Federal Complaint are separate matters. (Host Br. at 2.) In fact, Madison anticipated this argument prior to the August 2, 2013 hearing when the two related actions were consolidated, which is why it raised the issue at that hearing. (*See* Motion to Strike at 4-5.) The Court ruled at that hearing that Madison's state court filing dates would not be prejudiced by the consolidation under the docket number of the Original Federal Complaint (*see id.*), and Host chose not to reargue this issue in its motion to dismiss. Madison does not want a "do over," as Host asserts. (Host Br. at 3.) Instead, Madison wants a fair opportunity to respond to an issue this Court resolved in August 2013, but which Host and the Union waited until reply briefing on the motions to dismiss to raise in a bad faith effort to preclude any response from Madison.

Notably, Defendants' oppositions to the Motion to Strike do not contest Madison's characterization of the August 2, 2013 ruling. Therefore, Host and the Union made their relation back arguments in reply (claiming the Consolidated Federal Complaint could not relate back to the 2009 State Complaint because the two were separate matters) with full awareness the Court had already ruled that Madison's state court filing dates would not be prejudiced by the decision to consolidate the related matters under the docket number of the Original Federal Complaint. As Madison stressed in the Motion to Strike (at 5-6, 11-12), had the Court chosen to proceed under the docket number of the 2009 State Complaint, Defendants would have no argument that Rule 15(c) cannot apply between the Consolidated Federal Complaint and the 2009 State Complaint. As it stands, Defendants' claim rests on a procedural technicality and was raised

4

belatedly and in bad faith, with full knowledge the argument had already been foreclosed by the Court. In addition, none of the Defendants objected to the Court's ruling at the time of the August 2, 2013 hearing or at any other point prior to reply briefing. Defendants could have addressed the relation back argument in their motion to dismiss moving briefs, which devoted significant space to statute of limitations arguments. (*See* CY/M MTD Br. at 30-33, 42-44; Host MTD Br. at 6-10, Union MTD Br. at 24.)

Host's cited cases are unavailing to its argument and factually inapposite to this situation. None of those authorities involved a situation where, as here, (i) the argument raised in reply had been previously resolved by the Court (with no objection from the defendant) long before motion to dismiss briefs were filed; and (ii) the defendant purposefully chose not to relitigate the issue in its moving papers. Critically, none of the plaintiffs in these cases were deprived of a fair opportunity to respond to the new arguments raised in reply. *See Moshen v. Morgan Stanley & Co. Inc.*, No. 11-6751, 2013 WL 5312525, at *3 n.2 (S.D.N.Y. Sept. 23, 2013) (noting that defendant's reply brief "raise[d] no new legal arguments"); *Johnson v. Schiff*, No. 09-0531, 2013 WL 5465978, at *6 (N.D.N.Y. Sept. 10, 2013) (stating defendant's reply brief "reiterate[d] arguments made in the moving brief"); *Briese Lichttechnik GmbH v. Langton*, No. 09-9790, 2012 WL 5457681, at *6 (S.D.N.Y. Nov. 8, 2012) (finding party "rais[ed] no new legal arguments in their Reply" that were not raised in moving briefs); *U.S. ex rel. Carter v. Halliburton Co.*, No. 1:11-cv-602, 2011 WL 6178878, at *12 (E.D. Va. Dec. 12. 2011) (holding plaintiff could not submit a sur-reply "because Defendants used their reply brief to further support an argument made in their opening brief ..."); *see also In re Old CarCo LLC*, 454 B.R. 38, 44 n.6 (Bankr. S.D.N.Y. 2011) (noting plaintiff "had a full and fair opportunity to respond at the Hearing to the reply").

In fact, in one of Host's cited cases, *Bruce v. Woodford*, No. 1:07-cv-00269, 2012 WL 1424166 (E.D. Cal. Apr. 24, 2012), the Court held that, like here, one of Defendants' arguments in reply "could not have been anticipated by Plaintiff, because Defendants did not raise the issue … in their motion to dismiss. Generally when a party raises … entirely new, *unanticipated* arguments in a reply, the Court will give the opposing party an opportunity to file a surreply to respond to those arguments." *Id.* at *5. In the present case, Madison did not anticipate the specific relation back argument at issue here ***because it had already been raised by Madison and ruled upon by the Court prior to Defendants filing their motions to dismiss***, and Defendants made no effort to reopen the issue in their moving briefs.

## C.   Defendants' RICO Arguments Were Improperly Raised in Reply and are Meritless.

Defendants' contention that the RICO arguments cited by Madison were in fact addressed in their moving briefs does not withstand scrutiny. Defendants concede that Marriott's opening brief did not challenge the relatedness of the predicate acts alleged in the Consolidated Federal Complaint ("FAC"). They claim this was so, however, because Madison's RICO Case Statement asserted only open-ended continuity. (Omnibus Br. at 5.) This is meritless: the "relatedness" component of the racketeering pattern element applies to both open- and closed-ended continuity. *See, e.g.*, *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) ("The acts of racketeering activity that constitute a pattern . . . must be related, and [either] amount to or pose a threat of continuing criminal activity"). Thus, while Defendants note that Madison's opposition brief first cited the FAC's allegations concerning the interrelationship between predicate acts committed at Preferred and Non-Preferred Hotels, respectively, and that Marriott's reply brief responded with a "relatedness" requirement, they never explain why the *opening* brief did not raise this argument, given that the allegations in question are set forth clearly in the FAC. (Omnibus Br. at 5.) In short, Marriott chose to attack a

6

strawman in its opening brief, requiring Madison to make corrective observations in its opposition.

Defendants' rationalizations are equally unconvincing with respect to the red herring arguments in the Union's opening brief. In challenging the RICO claims, the Union largely ignored Madison's allegations of vote-rigging and payroll-padding, focusing instead on the allegation that the IWA's card check/neutrality provisions violate LMRA § 302. (Union MTD Br. at 5-7, 9-10.) Defendants argue that the Union initially addressed the "thing of value" language of LMRA § 302(a). (Omnibus Br. at 6.) But the Union's reply brief – apparently in response to Madison's reference to the vote-rigging allegations set forth in the FAC – argued for the first time that LMRA § 302 applies only to "cash payments or their close equivalents," a considerably more expansive argument than the original. Likewise, the Union's contention on reply that it was too indirect a beneficiary of the vote-rigging to be liable under the statute was an entirely new argument. (Union MTD Reply at 1-2.) Again, the relevant allegations were set forth explicitly in the FAC (¶¶ 115, 228, 277). If the Union wanted to challenge their sufficiency under LMRA § 302 and RICO, it should have done so in its initial brief so that Madison could fairly respond. Defendants seek to excuse the omission on the ground that the allegations in question were mere "passing[] references . . . in only three out of 389 paragraphs" in the FAC. (Omnibus Br. at 6.) The Union, however, seized on these same allegations (admitting that they "stated hornbook unfair labor practices") to argue that Madison's state law tort claims were preempted by federal labor law. (Union MTD Br. at 21.) Ignoring the import of these allegations for the RICO claims obviously was deliberate.

Similarly, while Defendants argue that the Union's moving brief addressed Madison's allegations that Marriott funneled compensation to the Union by means of dues payments from

7

superfluous employees added to the staff of Non-Preferred Hotels, the Union buried its only reference to the LMRA § 302(c)(4) dues exception in a footnote that was entirely tangential to the main text. (See Union Br. at 14 n.3.)[4]  Given space limitations, no opposition brief can present a sentence-by-sentence rebuttal of a moving brief.  If the Union actually believed its argument had merit, it should have presented it more forthrightly. *See United States v. Witmer*, 835 F. Supp. 201, 205 (M.D. Pa. 1993) ("A party may not merely allude to its claims in its initial brief and then argue them in detail in its reply, giving the opposing party no opportunity to respond"), *vacated in part on other grounds*, 835 F. Supp. 208, 226 (M.D. Pa. 1993).

D. **Madison Properly Included its Proposed Sur-Reply in its Motion for the Court's Convenience.**

Defendants claim Madison's proposed sur-reply is procedurally defective because it failed to obtain the Court's permission before including it as part of its Motion to Strike, citing *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492 (S.D.N.Y. 1990). (Omnibus Br. at 7-8.)  But there is no federal or local rule dictating sur-reply procedures or requiring a party to request leave to file a sur-reply before presenting the proposed brief to the Court.  Moreover, several courts in this Circuit have declined to follow *Travelers*. *See, e.g.*, *Grocery Haulers, Inc. v. C&S Wholesale Grocers, Inc.*, No. 11 Civ. 3130 (DLC), 2012 WL 4049955, at *6 (S.D.N.Y. Sept. 14, 2012) (granting motion for leave to submit sur-reply and accepting plaintiff's sur-reply submitted in conjunction with motion); *Pony Pal, LLC v. Claire's Boutiques, Inc.*, No. 05 Civ.

---

[4]  Defendants also cite the Union's discussion of the *Zentner* case, but that decision's reference to dues payments is entirely fortuitous. (Omnibus Br. at 6; see Union MTD Br. at 8.) *Zentner* did not construe the LMRA § 302(c)(4) dues exception, which was irrelevant because the challenged dues were paid by union members, not employers. *See Zentner v. Am. Fed'n of Musicians of U.S. & Canada*, 237 F. Supp. 457, 463 (S.D.N.Y. 1965).  The court held only that the employer's provision of ***information*** to the union to allow the union to collect dues from its members did not constitute a "thing of value" within the meaning of LMRA § 302(a).  And this was the context in which the Union here quoted *Zentner*: to argue that the IWA's neutrality provisions were not prohibited things of value, rather than to argue that Madison's dues-payment allegations were invalidated by the Section 302(c)(4) exemption.

2355 (CSH), 2006 WL 2827642, at *1 n.1 (S.D.N.Y. Oct. 2, 2006) (same); *Correspondent Serv. Corp. v. JVW Inv., Ltd.*, No. 99 Civ. 8934 RWS, 2004 WL 2181087, at *7 (S.D.N.Y. Sept. 29, 2004) (granting motion for leave to file sur-reply where parties attached proposed sur-reply to motion "so as to permit comprehensive adjudication of the issues raised").  Notably, Madison placed the proposed sur-reply in a separate section at the back of its Motion to Strike brief and clearly so indicated on the first page of its brief in a bolded, underlined statement (Motion to Strike at 1) so that the Court could disregard the proposed sur-reply if it decided not to consider it.  This procedure eliminates the concern expressed by the *Travelers* court that simultaneous filing would allow "the requesting party to accomplish its goal of placing the [sur-reply] before the court" when moving for leave to file the same.  *Travelers*, 735 F. Supp. at 495.

Madison placed its proposed sur-reply in the Motion to Strike to avoid burdening the Court with unnecessary and time-consuming additional filings.  *See Pony Pal, LLC*, 2006 WL 2827642, at *1 n.1 (granting motion for leave to file sur-reply and stating "[t]his ruling necessitates no further submissions, however, as Plaintiff was considerate enough to attach a proposed surreply memorandum to its motion for leave to file same").  The Court is already faced with a massive amount of briefing in connection with Defendants' motions to dismiss the Consolidated Federal Complaint.  If the Court chooses to consider Madison's sur-reply, its inclusion in the Motion to Strike will avoid further submissions that could prolong by months the adjudication of Defendants' motions.

## **CONCLUSION**

For the reasons set forth above, the Court should (i) strike Defendants' reply briefs for filing nearly 70 pages of briefing despite this Court's explicit instructions to file no more than 40 pages; or in the alternative, (ii) strike new arguments that Defendants improperly raised for the

first time in their excessive reply memoranda; or in the alternative, (iii) grant Madison leave to address those new arguments in its proposed sur-reply memorandum.

Dated: New York, New York
March 12, 2014

Respectfully submitted,

By: _____/s/ Michael E. Petrella_____
Sean F. O'Shea
Michael E. Petrella
**O'SHEA PARTNERS LLP**
521 Fifth Avenue, 25th Floor
New York, New York 10175
(212) 682-4426
(212) 682-4427

*Attorneys for Plaintiff*
*Madison 92nd Street Associates, LLC*

10